1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORAH J. BANTA,<br><br>          Plaintiff,<br><br>    v.<br><br>MEDICAL STAFFING NETWORK,<br>et al.,<br><br>          Defendants. | CASE NO. C10-0866JLR<br><br>ORDER |

This matter comes before the court on Plaintiff Deborah J. Banta's motion to voluntarily dismiss the instant action (Dkt. # 17). Having considered the submissions of the parties and the relevant law, the court GRANTS Ms. Banta's motion (Dkt. # 17).

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action without a court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal by all parties who have appeared. Where the opposing party has already served

ORDER- 1

either an answer or a motion for summary judgment, Federal Rule of Civil Procedure 41(a)(2) provides that:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

The court grants Ms. Banta's motion to dismiss with respect to Defendants Roger Ozbirn and Good Samaritan Hospital ("Good Samaritan"). Because Mr. Ozbirn and Good Samaritan filed an answer to Ms. Banta's complaint and raised a counterclaim for attorney's fees (Dkt. # 9), Rule 41(a)(2) applies with respect to these Defendants. In their response to Ms. Banta's motion, Mr. Ozbirn and Good Samaritan agree that the court should grant Ms. Banta's motion. (Resp. (Dkt. # 19) at 1, 3.) Accordingly, the court grants Ms. Banta's motion to dismiss with respect to Mr. Ozbirn and Good Samaritan (Dkt. # 17), and dismisses Mr. Ozbirn and Good Samaritan's counterclaim against Ms. Banta (*see* Dkt. # 9).

The court also grants Ms. Banta's motion to dismiss with respect to Defendant Medical Staffing Network ("MSN"). Ms. Banta's action against MSN was automatically stayed pursuant to 11 U.S.C. § 362(a)(1), which prevents the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the debtor's bankruptcy case. (*See* Dkt. ## 11, 12.) Although the general rule is that actions taken in violation of an automatic stay are void, the Ninth Circuit has held that dismissal of an action against a debtor "is permissible so long as it is 'consistent with the purpose

of the statute.'" *Dean v. Trans World Airlines, Inc.*, 72 F.3d 754, 755 (9th Cir. 1995) (quoting *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992)); *see also O'Donnell v. Vencor, Inc.*, 466 F.3d 1104, 1110 (9th Cir. 2006). As the Ninth Circuit explained in *Dean*, § 362(a) has two broad purposes: it "provides debtors with protection against hungry creditors," and it "assures creditors that the debtor's other creditors are not racing to various courthouses to pursue independent remedies to drain the debtor's assets." *Dean*, 72 F.3d at 755-56. Dismissal is not, however, appropriate "where a decision to dismiss requires a court to first decide any other issues presented by or related to the underlying [bankruptcy] case." *Id.* at 756. Here, the court finds (1) that the dismissal of Ms. Banta's claims against MSN is consistent with the purposes of § 362(a); and (2) that the court need not consider any issues presented by or related to the underlying bankruptcy case in determining whether to grant Ms. Banta's motion to dismiss. Accordingly, the court grants Ms. Banta's motion to dismiss her action with respect to MSN.

For the foregoing reasons, the court GRANTS Ms. Banta's motion to voluntarily dismiss the instant action (Dkt. # 17); DISMISSES Mr. Ozbirn and Good Samaritan's counterclaim against Ms. Banta (Dkt. # 9); and STRIKES Ms. Banta's motion to amend her complaint (Dkt. # 13). All claims are dismissed without prejudice.

Dated this 17th day of August, 2010.

JAMES L. ROBART
United States District Judge

ORDER- 3